Curia, per Evans, J.
If Houston sold the goods to Clark & Oakman, knowing that Oliver Simpson had no interest in the purchase, his taking the note of Clark & Co., for goods sold to Clark & Oakman, might, as between him and Clark and Simpson, be regarded as a fraud on Simpson. One partner can bind his copartners in any thing relating to the copartnership, or within the scope of its business; but he cannot, in general, (as between the parties,) bind his copartners either for his own debt or the debt of a third person. This seems to be clearly established by the case of Shirriff vs. Wilks, 1 East, 48 ; see Bayley on Bills, 57. The proposition affirmed in the charge of the circuit court, would not therefore be true if this action had been in the name of Houston, and it appeared he knew that the goods were bought for the use ot Clark and Oakman. But in this case the plaintiff was the indorsee, and, so far as appeared, knew nothing of the consideration of the note.
*589 It is essential to the advancement of commerce, that in the hands of an innocent holder who has paid value for a note or bill, the consideration should, not be inquired into.. There is no doubt that Clark, one of the partners, had a right to sign the partnership name to notes or bills. This, was all the indorsee was bound to look to. The consideration on which it was given, was immaterial, unless it was unlawful. In Bayley on Bills, 54, it is said, — “ a bill or note by one partner in the name of the firm will, as between them and an innocent holder, bind the firm, though the partner making it were prohibited from drawing bills or notes ■” but the authorities clearly establish that if the holder knew of the consideration, he would be in no better condition than the payee would be. Gallway vs. Mathew & Smithson, 10 East, 264. In the reporter’s extract of the point decided in the case of Hawes vs. Dunton & White, 1 Bail. 146, the power of one partner to bind the firm for the debt of a third person is stated as broadly as in the charge of the circuit court in this case; but on looking into that case it will appear that the note had been transferred. The action was in the name of Hawes as bearer, and all the reasoning of the court applies to the case of commercial paper in the hands of an innocent holder, and not to a case where the question is between the original parties, or a holder affected with notice of the consideration. As there is nothing in the evidence which can affect the plaintiff with notice that the note was given for the debt of another, and not for the debt of Clark & Co., the verdict is right, and this court will not order a new trial for error in the circuit court, which could not possibly have changed the result of the case. The motion is dismissed.
Richardson, O’Neall, Wardlaw and Frost, JJ. concurred.